UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

MARY MAYO, MANSELL MCLAIN & RAMEL
MAYO,

|  |  |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| -against- | 11 CV 3105 (JG) (LB) |
| THE CITY OF NEW YORK, SERGEANT ALAN LAM, tax # 917846, DETECTIVE TODD CRACCO, tax # 928121, DETECTIVE GARY VANZANTEN, tax # 934234, OFFICER KEITH MCDOWELL, tax # 935280, | Jury Trial Demanded |
| Defendants. | |

-------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

     1.    Plaintiffs bring this civil rights action against the City of New York and several New York City Police Officers of Narcotics Borough Brooklyn North alleging that, on August 4, 2010, defendants violated their rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and New York state law.  Plaintiffs allege that defendants entered and searched their home at 143 Stuyvesant Avenue in Brooklyn without a warrant.  Further, plaintiffs Mansell McLain and Ramel Mayo allege that they were detained without cause and handcuffed excessively tight while the defendants entered and searched their home.  Finally, Mary Mayo alleges that two of the defendants unlawfully detained her and violated her right to privacy by standing over her while she was lying in bed in her bra and panties, staring at her and refusing her repeated requests to leave her bedroom.  Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York state law claims of false arrest, assault, battery and vicarious liability which form part of the same case and controversy as their federal claims under Article III of the United States Constitution.

4.      With respect to plaintiffs' state law claims, notices of claim were duly filed with the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filings and the City has not offered to settle plaintiffs' state law claims.

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiffs' claims occurred in this District and because some or all of the defendants reside in this District.

## PARTIES

6.      Plaintiffs are residents of 143 Stuyvesant Avenue in Brooklyn.  Mary Mayo has been employed for 20 years by the New York City Transit Authority as a Station Agent.  Mansell is Mayo's nephew and Ramel is Mayo's son.

7.      The City of New York is a municipal corporation organized under the laws of the State of New York.

8.      The individual defendants are members of the New York City Police Department ("NYPD").  Defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times.  Defendants are liable for directly participating in

2

the unlawful acts described herein and for failing to intervene to protect plaintiff from

unconstitutional conduct.  The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9.      On August 4, 2010, at approximately 6:00 p.m., Mansell McLain and

Ramel Mayo were in the front yard of their home at 143 Stuyvesant Avenue in Brooklyn.

10.      At all relevant times, Mansell and Mayo did not commit a crime or

violation.

11.      Approximately three unmarked police cars pulled up in front of the

residence and defendants exited the cars.

12.      The defendants, acting in concert, seized Mansell and Ramel without

cause and handcuffed them excessively tight causing pain and bruising.  The defendants refused

to loosen the cuffs.

13.      The officers questioned plaintiffs and asked them if they had keys to their

home, to which plaintiffs responded no.

14.      The defendants broke down the front door to plaintiffs' home with a

battering ram and entered and searched the home.

15.      When the defendants entered the home, Mary Mayo was sleeping in her

bed.

16.      Two of the defendants violated Mary's right to privacy by standing over

her while she was lying in bed in her bra and panties, staring at her and refusing her repeated

requests to leave her bedroom.  The defendants' conduct caused Mary to become hysterical.

17.      Less than an hour later, the defendants released Mansell and Ramel from

custody and left the premises.

3

18.     Plaintiff suffered damage as a result of defendants' actions.  Mansell and Ramel were detained without cause and suffered physical injuries from the tight handcuffs, emotional distress, fear, anxiety and humiliation.  Mary suffered emotional distress, fear, anxiety and humiliation from being observed by two male strangers in a practically nude state.

### FIRST CLAIM

### (UNLAWFUL ENTRY AND SEARCH OF HOME)

19.     Plaintiffs repeat the foregoing allegations.

20.     Defendants entered and searched plaintiffs' home without a warrant.

21.     Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for unlawfully entering and searching their home.

### SECOND CLAIM

### (FALSE ARREST)

22.     Plaintiffs repeat the foregoing allegations.

23.     At all relevant times, plaintiffs did not commit a crime or violation.

24.     Despite plaintiffs' innocence, the defendants detained plaintiffs or failed to intervene to prevent their false detentions.

25.     Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for false arrest.

### THIRD CLAIM

### (UNREASONABLE FORCE)

26.     Plaintiffs repeat the foregoing allegations.

27.     Defendants' use of force upon Mansell and Ramel or their failure to intervene to stop the use of force was objectively unreasonable and caused plaintiffs pain and injury.

28.     Accordingly, defendants are liable to Mansell and Ramel under the Fourth Amendment for unreasonable force.

## FOURTH CLAIM

### (VIOLATION OF RIGHT TO PRIVACY)

29.     Plaintiffs repeat the foregoing allegations.

30.     An individual has a right to privacy in her unclothed or partially unclothed body.

31.     Two of the defendants violated Mary's right to privacy by standing over her while she was lying in bed in her bra and panties, staring at her and refusing her repeated requests to leave her bedroom.

32.     Accordingly, defendants are liable to Mary under the Fourteenth Amendment for violating her right to privacy.

## FIFTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

33.     Plaintiffs repeat the foregoing allegations.

34.     The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

35.     The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiffs.

36.     Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

37.     Despite the above, the City exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

38.     The City's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

## SIXTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

39.     Plaintiffs repeat the foregoing allegations.

40.     At all relevant times, plaintiffs did not commit a crime or violation.

41.     Despite plaintiffs' innocence, the defendants detained plaintiffs or failed to intervene to prevent their false detentions.

42.     Accordingly, the defendants are liable to plaintiffs under New York state law for false arrest.

## SEVENTH CLAIM

### (ASSAULT)

43.     Plaintiffs repeat the foregoing allegations.

44.     Defendants' use of force upon Mansell and Ramel and unlawful observation of Mary unclothed placed plaintiffs in fear of imminent harmful and offensive physical contacts which injured them.

45.     Accordingly, defendants are liable to plaintiffs under New York state law for assault.

## EIGHTH CLAIM

### (BATTERY)

46.     Plaintiffs repeat the foregoing allegations.

47.     Defendants' use of force upon Mansell and Ramel were offensive and nonconsensual physical contacts which injured them.

48.     Accordingly, defendants are liable to plaintiffs under New York state law for battery.

## NINTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

49.     Plaintiff repeats the foregoing allegations.

50.     Defendants and all other officers involved in the incident were acting within the scope of their employment as members of the NYPD when they falsely arrested, assaulted and battered plaintiffs.

51.     Accordingly, the City of New York is vicariously liable to plaintiffs under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Attorney's fees and costs;

d.     Such other and further relief as the Court may deem just and proper.

DATED:     December 16, 2011

_____/s/_____
IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(646) 239-4330
(718) 624-9391

7