UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARY MAYO, MANSELL MCLAIN & RAMEL MAYO

                                            Plaintiffs,

-against-

THE CITY OF NEW YORK, SERGEANT ALAN LAM, tax # 917846, DETECTIVE TODD CRACCO, tax # 928121, DETECTIVE GARY VANZANTEN, tax # 934234, OFFICER KEITH MCDOWELL, tax # 935280,

                                            Defendants.

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 CV 3105 (JG)(LB)

-----------------------------------------------------------------X

      **WHEREAS,** plaintiffs MARY MAYO, MANSELL MCLAIN, and RAMEL MAYO, commenced this action by filing a complaint on or about June 29, 2011, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

      **WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **WHEREAS,** plaintiffs MARY MAYO, MANSELL MCLAIN, and RAMEL MAYO have agreed to settle this matter on the terms enumerated below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed against the defendants, with prejudice, and without costs, expenses, or attorney's fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiffs, MARY MAYO, MANSELL MCLAIN, and RAMEL MAYO the following sums of money, respectively: SEVENTEEN THOUSAND, and FIVE-HUNDRED DOLLARS ($17,500.00), FIVE-THOUSAND DOLLARS ($5,000.00), and FIVE-THOUSAND DOLLARS ($5,000.00), in full satisfaction of all claims, including claims for costs, expenses and attorney's fees. In consideration for the payment of these sums, plaintiffs agree to dismissal of all the claims against the defendants and to release defendants, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of the respective plaintiffs' civil rights, from the beginning of the world to the date of the General Release, including all claims for costs, expenses, and attorney's fees.

3. Plaintiffs shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations

or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

    5.  Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

    6.  Plaintiffs agree to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.  This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       January 26, 2012

Izabel Olszowa Garcia, Esq.
*Attorney for Plaintiffs*
26 Court Street, Suite 1815
Brooklyn, New York 11242

By: ___/s/ Izabel O. Garcia___
Izabel Olszowa Garcia, Esq.
*Attorney for Plaintiffs*

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-213B
New York, New York 10007

_____
Dustin Mansoor
Special Assistant Corporation Counsel

SO ORDERED:

_____
HON. JOHN GLEESON
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
       _____, 2012